# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MANNY CANEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>OLIVER,<br><br>        Defendant.<br>_____/ | CASE NO. 1:10-cv-02065-AWI-SKO PC<br><br>SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Standard**

Plaintiff Jessy Manny Canez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 8, 2010. Plaintiff brings this action against Officer Oliver for allegedly violating his constitutional rights while he was a pretrial detainee at the Fresno County Jail. Plaintiff seeks both injunctive relief and damages, but because Plaintiff is no longer incarcerated at the jail and no exception to the mootness doctrine applies, he is limited to seeking damages. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (quotation marks omitted); see also Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.      Plaintiff's Claims**

   **A.      Conditions of Confinement in Disciplinary Segregation**

Plaintiff alleges that on October 16, 2010, after informing another officer that he was trying to avoid a physical confrontation with his cellmate, Defendant arbitrarily placed him in disciplinary segregation with inmates who rub feces on their bodies and have severe psychological issues. Plaintiff alleges that the conditions were inhumane and violated his right to be free from cruel and unusual punishment.

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010); Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1244; Oregon Advocacy Center, 322 F.3d at 1120.

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of a violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with deliberate indifference to a substantial risk of serious harm. Frost, 152 F.3d at 1128. The deliberate indifference standard involves an objective and a subjective prong. First, the deprivation must be, objectively, sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (quotation marks omitted). Second, the prison official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837 (quotation marks omitted).

Here, Plaintiff alleges only that the conditions in disciplinary segregation were inhumane as he was housed in a unit with severely mentally ill inmates who rubbed feces on their bodies. This conclusory allegation falls short of supporting a claim that the conditions in segregation were sufficiently grave to invoke the protections of the Constitution and that, in transferring Plaintiff there, Defendant knowingly disregarded an excessive risk of harm to Plaintiff's health or safety. Accordingly, Plaintiff's conditions-of-confinement claim fails.

### B. Denial of Due Process

Plaintiff also alleges that his right to due process was violated. To the extent Plaintiff is attempting to state a procedural due process claim, Plaintiff has neither alleged the existence of a protected liberty interest, Wilkinson v. Austin, 545 U.S. 209, 221-22, 125 S.Ct. 2384 (2005); Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995), nor alleged placement in segregation without the minimal procedural protections he is due under federal law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974); Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).[1] In the absence of facts indicating that Plaintiff was deprived of a protected liberty interest

---

[1] Although Plaintiff alleges that he was arbitrarily placed in segregation after he told an officer he was trying to avoid a confrontation with his cellmate, he alleges elsewhere that he and his cellmate were found guilty of making pruno, a rules violation.

3

without the procedural protections he was due, Plaintiff's due process claim fails. Wilkinson, 545 U.S. at 221-22.

### C. Denial of Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges an equal protection violation, his complaint is devoid of any facts to support a claim that Defendant intentionally discriminated against him, either based on his membership in a protected class or in comparison with other similarly situated inmates. Accordingly, Plaintiff's claim fails.

### D. Denial of Access to the Courts

Finally, Plaintiff alleges that his ability to access the courts was hindered by his placement in disciplinary segregation. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). However, Plaintiff is a state prisoner and his claim is based on the alleged interference with his ability to represent himself during the criminal proceedings against him. Plaintiff alleges that as a result of the interference, he was forced to accept an attorney and enter into a plea agreement.

Plaintiff is barred from directly challenging his criminal conviction in this section 1983 action and he is barred from litigating any claim which, if successful, would necessarily imply the

invalidity of his conviction. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005); see also Valdez v. Rosenbaum, 302 F.33d 1039, 1049 (9th Cir. 2002); Cole v. Sisto, No. S-09-0364 KJM P, 2009 WL 2230795, at *3-4 (E.D.Cal. 2009). Plaintiff's claim is inextricably intertwined with the criminal proceedings against him and any finding that he was denied access to the courts as it pertains to his ability to defend himself against the charges would necessarily imply the invalidity of his conviction.[2] Therefore, the claim is not cognizable.

### III.  Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

---

[2] In addition, Plaintiff fails to link Defendant to any interference with his ability to litigate the charges against him.

5

    2.       Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

    3.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

    4.       If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **December 12, 2011**               /s/ **Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE