# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MANNY CANEZ,<br><br>    Plaintiff,<br><br>v.<br><br>OLIVER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02065-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983<br><br>(Doc. 26)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement and Standard**

Plaintiff Jesse Manny Canez, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 8, 2010. On December 13, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A(a). On June 8, 2012, after obtaining several extensions of time, Plaintiff timely filed an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

     **A.     Summary of Allegations**

Plaintiff is a pretrial detainee at the Fresno County Jail, and he brings this action against Correctional Officer Oliver and Correctional Sergeant Shumate for violating his rights under the United States Constitution. The events at issue occurred at the jail between approximately October 16, 2010, and November 5, 2010. Based on Plaintiff's allegations, his claims appear to arise out

///

of the denial of procedural due process, unconstitutional conditions of confinement in disciplinary segregation, retaliation, the denial of equal protection, and the denial of access to the courts.

In support of his claims, Plaintiff alleges that on September 16, 2010, he and his cellmate were both found guilty of a "meritless" rules violation. (Doc. 26, Amend. Comp., ¶16.) Subsequently, on or around October 16, 2010, Plaintiff was placed in the disciplinary isolation unit after informing Officer Rodriguez that he and his cellmate were having problems. Plaintiff alleges that his cellmate remained in general population and enjoyed full privileges. While in the isolation unit, Plaintiff did not have access to the law library, although other inmates in the unit had law library privileges. On October 25, 2010, Plaintiff "grieved" Defendant Oliver regarding his lack of library access and informed Defendant that he had a court hearing on November 2, 2010. (Id., ¶13.)

Plaintiff alleges that other inmates in the isolation unit "lived in their feces and urine," and he was placed in a cell with feces and urine all over. (Id., ¶20.) Plaintiff alleges that staff refused to relocate him, and even after he served his disciplinary term, he was forced to reside there.

Plaintiff alleges that he was harassed and ignored by staff when he tried to obtain relief through the grievance procedure. From October 16, 2010, through November 2, 2010, Plaintiff addressed these issues with Defendant Oliver and other classification staff, but he was mocked by Officer Garcia and other staff. On November 5, 2010, Plaintiff "addressed these issues again" with Defendant Shumate, who "supervises all classification staff and has the final decision in all actions taken by his staff." (Id., ¶25.) Plaintiff further alleges that Defendant Shumate "condoned this misconduct by failing to act lawfully within the scope of his duties as a supervisor." (Id., ¶26.)

**B.      Procedural Due Process Claim**

To the extent that Plaintiff is alleging he was placed and retained in the disciplinary isolation unit without due process, Plaintiff's allegations fail to give rise to a viable claim for relief. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, Plaintiff has not alleged the existence of a protected liberty interest in remaining free from the disciplinary isolation unit, Wilkinson, 545 U.S. at 221-23; Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995), and notwithstanding that fatal deficiency, Plaintiff has not

3

alleged that he was transferred to the unit in the absence of the limited procedural protections he was due under federal law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974); Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985); Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (*abrogated in part on other grounds by* Sandin, 515 U.S. 472).

Plaintiff's allegations must be sufficient to support a plausible claim for relief and while Plaintiff is entitled to leniency as a pro se litigant, Wilhelm v. Rotman, __ F.3d __, __, No. 11-16335, 2012 WL 1889786, at *5 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012), conclusory allegations such as those set forth in the amended complaint will not suffice, Iqbal, 556 U.S. at 677-79.

### C. Conditions-of-Confinement Claim

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Simmons, 609 F.3d at 1018; Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees. Simmons, 609 F.3d at 1018; Clouthier, 591 F.3d at 1242-43; Anderson, 45 F.3d at 1312-13. "A prison official cannot be liable for deliberate indifference unless he or she 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Simmons, 609 F.3d at 1018 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).

Here, Plaintiff claims that the conditions which he endured while in the disciplinary isolation unit violated his rights. Plaintiff describes the conditions very generally as unreasonable, arbitrary, malicious, capricious, and unlawful in comparison to the conditions in general population. (Amend. Comp., ¶21.) Specifically, Plaintiff complains that inmates in the unit lived in their urine and feces, he was housed in a cell containing urine and feces, and he was not allowed law library access. (Id., ¶¶20, 14.) Plaintiff was housed in the unit from at least October 16, 2010, to November 5,

///

2010, and he alleges that he "addressed" the issue with Defendants Oliver and Shumate. (Id., ¶¶10, 22, 24, 25.)

Plaintiff's inability to access the law library while in the isolation unit does not support a claim based on unconstitutional conditions of confinement, but "[u]nquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson, 45 F.3d at 1314 (citation omitted). However, Plaintiff alleges only that he was housed in a cell containing urine and feces. The Court finds that Plaintiff's vague, non-specific description of the cell falls short of supporting a claim that, objectively, the conditions rose to the level of a substantial risk of serious harm to Plaintiff's health or safety. Simmons, 609 F.3d at 1018. Further, while Defendant Oliver was responsible for placing Plaintiff in the isolation unit, with Defendant Shumate's approval, and Plaintiff complained to both of them about his placement there, those bare facts do not support a claim that, subjectively, they knowingly disregarded an excessive risk of harm to Plaintiff's health or safety.

The Court is mindful of the liberal notice pleading standard, Wilhelm, __ F.3d at __, 2012 WL 1889786, at *5; Watison, 668 F.3d at 1112, but nevertheless, vague descriptions of conditions of confinement such as those set forth here are not sufficient to support a deliberate indifference claim, Iqbal, 556 U.S. at 677-79.

### D.   **Retaliation Claim**

Plaintiff alleges that after he complained about problems with his cellmate, Defendant Oliver retaliated against him by placing him in the disciplinary isolation unit. (Amend. Comp., ¶¶15-17.) Plaintiff alleges specifically that Defendant Oliver "retaliated against him arbitrarily for notifying staff or problems between him and his cellmate," and that Defendant Oliver "used his authority and Plaintiff's disciplinary punishment stemming from a meritless rules violation on September 16, 2010 to advance retaliatory behavior and cruel and unusual conditions of confinement." (Id., ¶¶15, 16.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

1  goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668
2  F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

3  While "timing can properly be considered as circumstantial evidence of retaliatory intent,"
4  Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995), here there is nothing more than Plaintiff's
5  conclusory allegation that his placement in isolation after complaining about problems with his
6  cellmate was retaliatory. There is simply no factual support underlying Plaintiff's conclusory claim
7  that Defendant Oliver transferred him to isolation in retaliation against him for complaining to
8  Officer Rodriguez; no plausible retaliation claim is stated. Iqbal, 556 U.S. at 678.

9  **E.    Equal Protection Claim**

10  The Equal Protection Clause requires that persons who are similarly situated be treated alike.
11  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur
12  v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by
13  showing that Defendants intentionally discriminated against Plaintiff based on his membership in
14  a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03
15  (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles,
16  250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated
17  differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon
18  Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook
19  v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580,
20  592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

21  Although Plaintiff alleges that he was treated unequally, Plaintiff's amended complaint sets
22  forth no facts supporting a viable equal protection claim. Plaintiff was allegedly transferred to the
23  isolation unit while his cellmate remained in general population after both were found guilty of a
24  rules violation, but Plaintiff makes no showing that he was intentionally discriminated against by
25  either Defendant Oliver or Defendant Shumate.

26  **F.    Access to the Courts Claim**

27  Finally, Plaintiff alleges that he was unable to access the law library while in the isolation
28  unit. In his original complaint, Plaintiff alleged that the interference with his ability to represent

himself during the criminal proceedings against him resulted in his forced acceptance of an attorney and a plea agreement. Plaintiff was informed in the first screening order that his "claim is inextricably intertwined with the criminal proceedings against him and any finding that he was denied access to the courts as it pertained to his ability to defend himself against the charges would necessarily imply the invalidity of his conviction." (Doc. 16, Screening Order, 5:3-6.) In his amended complaint, Plaintiff omits a description of the proceedings he was engaged in, and he alleges only that he had a pending court hearing and no law library access.

Plaintiff's access claim is procedurally barred to the extent it arises from his ongoing criminal proceedings and/or his conviction, Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002); Cole v. Sisto, No. S-09-0364 KJM P, 2009 WL 2230795, at *3-4 (E.D.Cal. 2009), and it fails on the merits given the absence of any "actual injury" to qualifying litigation, Lewis v. Casey, 518 U.S. 343, 349, 116 S.Ct. 2174 (1996); Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Bare allegations of the existence of a court hearing and the desire for law library access do not suffice to state a claim. Lewis, 518 U.S. at 349; Greene, 648 F.3d at 1018.

### III.   **Conclusion and Recommendation**

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state any claims under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 21, 2012**                                /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE