# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MANNY CANEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OLIVER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02065-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Docs. 26 and 27)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

　　　　Plaintiff Jesse Manny Canez, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 8, 2010.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 21, 2012, the Magistrate Judge issued a findings and recommendations (1) screening Plaintiff's amended complaint and (2) recommending that this action be dismissed for failure to state a claim under section 1983. 28 U.S.C. § 1915A.  Plaintiff filed a timely objection on July 27, 2012.

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

　　　　With regard to Plaintiff's conditions-of-confinement claim, the Court is mindful that prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  However, the standard is not so lenient as to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S.

662, 678-79 (2009). The sheer possibility that a defendant has acted unlawfully does not suffice. *Id.* at 678 (quotation marks omitted). In this instance, the amended complaint does not set forth factual allegations sufficient to support a claim that the defendants *knowingly* disregarded a *substantial* risk of harm to Plaintiff's health or safety, and therefore, Plaintiff's claim is not viable.[1]

With respect to Plaintiff's other claims, Plaintiff's objections offer no grounds supporting a determination that the Magistrate Judge erred in finding that his procedural due process claim, retaliation claim, equal protection claim, and access-to-the-courts claim are not viable under section 1983. Regarding Plaintiff's argument that he was denied "a fair and impartial investigation" because the staff members he was complaining about were also reviewing his grievances, no federal claim lies. (Doc. 28, Obj., p. 3, lns.4-6.) There is no constitutional right to a grievance procedure and problems or irregularities with the procedure do not support a cognizable federal due process claim. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on June 21, 2012, in full;
2. This action is dismissed, with prejudice, for failure to state any claims under section 1983;
3. The Clerk of the Court shall enter judgment against Plaintiff; and
4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   August 19, 2012                                              _____
                                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff is, or was at all relevant times, a pretrial detainee, the Eighth Amendment's deliberate indifference standard is applied to pretrial detainees' substantive due process claims. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1018 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995).